**FILED**
**U.S. District Court**
**District of Kansas**
05/04/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**VERYL DEAN CRAWFORD,**

  **Plaintiff,**

  v.             **CASE NO. 26-3111-JWL**

**DANIEL J. SCHNURR, et al.,**

  **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Veryl Dean Crawford, who is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, brings this pro se civil rights case. Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff is ordered to either submit the $405.00 filing fee or to show good cause, in writing to the undersigned, why the three strikes provision of 28 U.S.C. § 1915(g) should not apply.

Plaintiff filed his Complaint on April 30, 2026. Plaintiff alleges in his Complaint that his parole was granted and then rescinded, based on a claim that the statute governing his sentence and release had been repealed. (Doc. 1, at 2.) Plaintiff seeks "immediate release" and $10,000,000 in compensatory and punitive damages. *Id*. at 6. Plaintiff has also filed a petition for habeas corpus under 28 U.S.C. § 2241, challenging the calculation of his sentence and arguing that his parole ended on July 7, 2025. *See Crawford v. Schnurr*, Case No. 26-3091-JWl (D. Kan. 2026). Plaintiff also seeks immediate release and damages in Case No. 26-3091. On April 17, 2026, the Court entered a Memorandum and Order in that case, advising Plaintiff that monetary damages are not available in a § 2241 action. *Id*. at Doc. 5.

Plaintiff has filed three prior cases that qualify as strikes under 28 U.S.C. § 1915(g).  "A strike is generally assessed only if *every* claim in an action is dismissed on one of § 1915(g)'s enumerated grounds: frivolousness, maliciousness, or failure to state a claim." *Mullins v. Inthink, Inc.*, 2022 WL 2359624, at *2 (10th Cir. 2022) (unpublished) (citing *Thomas v. Parker*, 672 F.3d 1182, 1183 (10th Cir. 2012)).  However, the Tenth Circuit has held that "a mixed disposition can constitute a strike when 'the plaintiff's claims are dismissed in part for failure to state a claim and in part for failure to exhaust administrative remedies, and no claims are allowed to proceed on the merits.'"  *Adams v. United States*, 818 F. App'x 807, 812 (10th Cir. 2020) (quoting *Thomas*, 672 F.3d at 1184).  The Tenth Circuit "reasoned that unexhausted claims 'were in effect a nullity' and that 'the congressional purpose of § 1915(g) would be subverted if . . . a prisoner could repeatedly escape imposition of a strike' 'by adding unexhausted claims to a complaint that otherwise does not state a claim upon which relief may be granted.'" *Id.* (quoting *Thomas*, 672 F.3d at 1184 (internal quotation marks omitted)).

Therefore, Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1]  Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury.  *Id*.

---

[1] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Crawford v. Simmons*, Case No. 00-3052-GTV, Doc. 7 (D. Kan. Sept. 14, 2000) (dismissing for failure to exhaust and as barred by *Edwards v. Balisok*, 520 U.S. 641); *Crawford v. Frasier*, Case No. 01-3244-GTV, Doc. 13 (D. Kan. Nov. 19, 2001) (noting dismissal for failure to state a claim and failure to exhaust); *Crawford v. Grote*, Case No. 22-3084-SAC, Doc. 7 (D. Kan. June 16, 2022) (dismissing for failure to state a claim).  A dismissal based on *Edwards v. Balisok*, is for failure to state a claim.  *See Carter v. Jones*, 228 F. App'x 812, 813 (10th Cir. 2007) (unpublished); *Fields v. Dep't of Corr.*, 2005 WL 1683502, at *3 (W.D. Okla. 2005).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court or to show good cause why the three strikes provision of 28 U.S.C. § 1915(g) should not apply. Failure to respond within the prescribed time will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 4, 2026,** to submit the $405.00 filing fee or to show good cause, in writing to the undersigned, why the three strikes

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

provision of 28 U.S.C. § 1915(g) should not apply.  The failure to respond by the deadline will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated May 4, 2026, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**