**FILED**
**U.S. District Court**
**District of Kansas**
06/08/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

VERYL DEAN CRAWFORD,

    **Plaintiff,**

    v.                      **CASE NO. 26-3111-JWL**

DANIEL J. SCHNURR, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Veryl Dean Crawford, who is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, brings this pro se civil rights case. Plaintiff filed his Complaint on April 30, 2026. Plaintiff alleges in his Complaint that his parole was granted and then rescinded, based on a claim that the statute governing his sentence and release had been repealed. (Doc. 1, at 2.) Plaintiff seeks "immediate release" and $10,000,000 in compensatory and punitive damages. *Id.* at 6.[1]

On May 4, 2026, the Court entered a Memorandum and Order (Doc. 4) ("M&O") finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), and granting Plaintiff until June 4, 2026, to either submit the $405.00 filing fee or to show good cause, in writing to the undersigned, why the three strikes provision of 28 U.S.C. § 1915(g) should not apply. This matter is before the Court on Plaintiff's responses (Docs. 5, 6). Plaintiff has also filed a second motion for leave to proceed in forma pauperis (Doc. 7).

---

[1] Plaintiff also filed a petition for habeas corpus under 28 U.S.C. § 2241, challenging the calculation of his sentence and arguing that his parole ended on July 7, 2025. *See Crawford v. Schnurr*, Case No. 26-3091-JWl (D. Kan. 2026). Plaintiff also sought immediate release and damages in Case No. 26-3091. On April 17, 2026, the Court entered a Memorandum and Order in that case, advising Plaintiff that monetary damages are not available in a § 2241 action. *Id.* at Doc. 5. On May 20, 2026, the Court dismissed that case without prejudice based on *Younger* abstention. *Id.* at Doc. 8. Case No. 26-3091 is currently pending on appeal.

Plaintiff's responses fail to show good cause why the three strikes provision of 28 U.S.C. § 1915(g) should not apply.  In his first response, he states that he exhausted his administrative remedies for an unrelated claim based on incidents at the Sedgwick County Jail.  (Doc. 5, at 3–6.) He claims that mail was hidden for about five weeks, causing him to miss the deadline to respond to the order to show cause in his prior case.  *Id*.  Plaintiff claims "[t]his is how I arrived at getting my 3-strikes," noting that at that point he already had two strikes.  *Id*.  Plaintiff attaches a Memorandum of Law labeled as "Exhibit B" that does not address the three strikes provision and appears to relate to a different case.  *Id*. at 7–18.

Plaintiff filed a second response, titled "Memorandum of Law."  (Doc. 6.)  The document does not address the three-strikes provision and appears to make arguments regarding his health issues in 2021, his issues with his business partner, his arrest in 2021, his parole board proceedings, and the calculation of his sentence.  *Id*.

Plaintiff claims that he received his third strike because his mail was hidden for about five weeks and he was unable to respond to the Court's order to show cause by the deadline.  As set forth in the Court's M&O in this case (Doc. 4) Plaintiff received his first two strikes in 2000 and 2001.  Plaintiff's third strike was received in *Crawford v. Grote*, Case No. 22-3084-SAC (D. Kan.). The Memorandum and Order to Show Cause in that case was entered on April 29, 2022, and granted Plaintiff until May 27, 2022, to show good cause why his complaint should not be dismissed or to file an amended complaint to cure the deficiencies.  *Id*. at Doc. 4 (April 29, 2022 Memorandum and Order to Show Cause).  Plaintiff filed both a response and an amended complaint on May 23, 2022—before the deadline.  *Id*. at Doc. 5, 6.  On June 16, 2022, the Court entered a Memorandum and Order screening the amended complaint and dismissing the case for

2

failure to state a claim. *Id*. at Doc. 7. Plaintiff also filed a motion to reconsider that the Court denied in a July 1, 2022 Memorandum and Order. *Id*. at Doc. 10.

It is unclear which case Plaintiff is referencing in his response where he claims he received a third strike due to his failure to timely respond to the Court's show cause order. Plaintiff's third strike was received in Case No. 22-3084, where he responded to the order to show cause, filed an amended complaint, and filed a motion for reconsideration. The case was dismissed for failure to state a claim. Plaintiff's responses and his second motion for leave to proceed in forma pauperis fail to show good cause why the three strikes provision of 28 U.S.C. § 1915(g) should not apply. Plaintiff has also failed to pay the filing fee by the Court's deadline.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to either pay the filing fee or to show good cause why the three strikes provision should not apply by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed in forma pauperis (Doc. 7) is **denied.**

**IT IS SO ORDERED**.

**Dated June 8, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

4